## Case No. 1,240.

### In re BELDEN.

[2 N. B. R. (1874,) 42, (Quarto, 14;) [1] 2 Am. Law Rev. 771; 15 Pittsb. Leg. J. 547.]

District Court, D. California.

BANKRUPTCY—PREFERENCES—INTENT.

The property of a debtor being attached by a hostile creditor, without his knowledge, and he [having] omitted to have himself adjudged a voluntary bankrupt: *Held*, that the omission had no retrospective intent on the previous taking of the property, and could not "supply the intent to give a preference."

[Cited in Beattie v. Gardner, Case No. 1,195.]

[In bankruptcy. Application by Francis C. Belden, a bankrupt, for a discharge. Creditors object. Objection overruled.]

---

## Case No. 1,241.

### In re BELDEN et al.

[4 N. B. R. 194, (Quarto, 57.)] [2]

District Court, S. D. New York. Oct. 19, 1870.

BANKRUPTCY—RIGHTS OF CREDITORS—ORDER FOR EXAMINATION.

Where creditor's claims have been protested against, if duly proved, the creditors representing those claims will be entitled to an order according to form No. 45, under section 26, [Act 1867, (14 Stat. 529.)]

In bankruptcy.

I, John Fitch, one of the registers of this court, before whom the proceedings in the matter [of William Belden and George W.

---

[1] [Reprinted from 2 N. B. R. 42, (Quarto, 14,) by permission.]

[2] [Reprinted by permission.]

Hooker, bankrupts] are now pending, do hereby certify that on the 16th day of June, 1870, at 12 o'clock m., personally appeared at my office, No. 44 Wall street, in the city of New York, Josiah H. Burton, assignee and creditor of the estate of said bankrupts, pursuant to an order and summons issued by me on the 10th day of June, 1870, upon the application of J. E. Burrill, attorney for Jay Cooke & Co., creditors, whose claim has been protested against. L. B. Clark appeared as counsel for the bankrupts; C. B. Stoughton as counsel for the assignee and various creditors who have duly proved their debts; J. E. Burrill as counsel for Jay Cooke & Co., and Gutman & Thomson for G. H. H. Redmond, and Rulli and Fachiri, creditors, whose claims have been protested against. That the proceedings which took place before me on the said 16th day of June, 1870, fully appear by the stenographer's minutes which are hereto prefixed; that copies of the respective papers requested by counsel to be certified to this court, and the statement of facts and the points presented to me by C. B. Stoughton, of counsel for assignee, and J. E. Burrill, of counsel for Jay Cooke & Co., are also hereto prefixed.

The question raised by the counsel for the creditors and assignee, C. B. Stoughton, and by the counsel for the bankrupts, L. B. Clark, is simply this: Have Jay Cooke & Co. and the other creditors whose claims have been protested against, any standing in court, their claims not having been proved in accordance with the rules and practice of this court? I hold, as a matter of law: First. That they have not duly proved their claims. Second. That they are not entitled to an order, according to form No. 45, under section 26. Third. That the witness is not bound to answer the questions put to him until Jay Cooke & Co., etc., etc., shall have duly proved their claim, and when such claims shall have been duly proven according to law, and when so proven, filed, and become a record of the court, then, and not till then, the question must be answered.

The proceedings of Jay Cooke & Co., etc., etc., are premature, irregular, and void. The bankrupts or any creditor may object to them. The authorities applicable to this question are enumerated in my certificate, attached to the certificate of the proceedings which took place before me on the return day of the order, to show the cause why the said bankrupts should not be discharged, and the adjourned return day of said order, filed in the office of the clerk of this court on the 28th day of June, 1870.

[For opinion at a prior hearing, see Case No. 1,238; and, for history of case and opinion at subsequent hearing, see Id. 1,239.]

BLATCHFORD, District Judge. The claim of Jay Cooke & Co. was duly proved, and the proof of it must be filed nunc pro tunc as of the 23d of May, 1870.

The proof of the claim of Rulli and Fachiri ought to have had appended to it the certificate of the commissioner before whom it was taken, that it was satisfactory to him. If such certificate is procured, the proof must be filed nunc pro tunc as of the 1st of June, 1870, and the claim will be regarded as having been duly proved at that time.

Jay Cooke & Co. are entitled to an order according to form No. 45, under · section 26, [Act 1867, (14 Stat. 529.)] The witness was bound to answer the questions put to him, so far as they related to any matter of examination specified in section 26. The clerk will certify this decision to the register, John Fitch, Esq.